**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-03364-CMA-BNB

RBC MORTGAGE COMPANY, an Illinois corporation,

    Plaintiff,

v.

CHRISTOPHER L. McKINNEY, an individual,

    Defendant.

---

## *SUA SPONTE* ORDER REMANDING CASE TO STATE COURT

---

This matter is before the Court *sua sponte* on Defendant's Notice of Removal (Doc. # 1). For the following reasons, the Court REMANDS the case to Adams County District Court.

### I. BACKGROUND

Plaintiff, RBC Mortgage Company, filed a Complaint against Defendant, Christopher L. McKinney, in Adams County District Court on October 3, 2011. (Doc. # 2.) Defendant was served with the Complaint on November 20, 2011. (Doc. # 3.) Defendant filed his Notice of Removal on December 23, 2011 (Doc. # 1), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II. **DISCUSSION**

### A. **UNTIMELY REMOVAL**

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending" when the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).[1] However, "[t]he notice of removal of a civil action or proceeding **shall be filed within thirty days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b) (emphasis added).

In the instant case, Defendant failed to file his Notice of Removal on time. Having been served with the Complaint on November 20, 2011, Defendant had through December 20, 2011, to remove the case. Therefore, his filing on December 23, 2011, was three days late.[2]

---

[1] Because the Court remands this case for failure to file a timely Notice of Removal, as discussed below, it needs not reach the jurisdictional question. *See, e.g.*, *Glendening v. Genuine Parts Co.*, 960 F. Supp. 243, 244 (D. Colo. 1997) (remanding procedurally defective case, and therefore not addressing jurisdictional issue).

[2] The Court is not persuaded otherwise by Defendant having dated the Notice of Removal "December **20**, 2011." (*See* Doc. # 1 at 2 (emphasis added).) Both the filing receipt (Doc. # 1-7), and the Notice of Removal itself (Doc. # 1 at 1-3 (indicating in the header, "Document 1 Filed 12/23/11  USDC Colorado")), clearly indicate that the Notice of Removal was filed on December **23**, 2011.

B.     **AUTHORITY TO ISSUE ORDER *SUA SPONTE***

The remand of cases removed to federal court is governed by 28 U.S.C. § 1447(c).  *See, e.g., Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006).  Section 1447(c) states, in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Thus, a case may be remanded for jurisdictional or non-jurisdictional defects.

The failure to remove a case within the thirty-day statutory period is a non-jurisdictional defect.  *See Lehman Bros. Holding Inc. v. Shea Mortg. Inc.*, No. 11-cv-02841, 2011 WL 5358663, at *1 (D. Colo. Nov. 7, 2011) (unpublished); *Woodard v. Icon Health & Fitness, Inc.*, No. 11-cv-02562, 2011 WL 4632488, at *1 (D. Colo. Oct. 6, 2011) (unpublished).  There is a split of authority over whether district courts can remand non-jurisdictionally defective cases *sua sponte*.[3]  *Compare, e.g., Cassara v. Ralston*, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (Sotomayor, J.) (district court may *sua sponte* remand case when defect is non-jurisdictional), *with, e.g., Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) (district court may not *sua sponte* remand case when defect is non-jurisdictional).  This Court recently found that § 1447(c) does not limit its authority to remand *sua sponte* a case that has been untimely removed.  *See Woodard*, 2011 WL 4632488, at *2 (finding "persuasive the reasoning of those

---

[3] As mentioned in *Woodard* and *Lehman Bros. Holding Inc.*, the Court is unaware of any Tenth Circuit precedent deciding this issue.

courts that allow *sua sponte* remands of procedurally defective cases"); *accord Lehman Bros. Holding Inc.*, 2011 WL 5358663, at *1. For the reasons expressed in *Woodard* and *Lehman Bros. Holding Inc.*, the Court finds that it may *sua sponte* remand this case to state court.

### III. CONCLUSION

Because Defendant McKinney failed to file his Notice of Removal (Doc. # 1) on time, the Court ORDERS that this case be REMANDED to Adams County District Court for further proceedings.

DATED: January __04__, 2012

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge